## Tarason v. Lehr

*Markowitz & Kagen,* for plaintiff.

*William W. Hafer,* for defendants.

LIVERANT, J., May 9, 1960.—This case is before the court on defendants' objections to certain written interrogatories propounded to them by plaintiff.

Pennsylvania Rules of Civil Procedure Nos. 4005, 4007 and 4011 govern interrogatories between the parties.

Combined together, these rules provide the following as to the substance of such interrogatories:

The interrogator may address to the respondent interrogatories regarding any matter, not privileged, which is *relevant* to the subject matter involved in the action and will *substantially aid* in the preparation of the pleadings or trial of the case.

No interrogatory is permitted which:

(*a*) Is sought in bad faith;

(*b*) Causes unreasonable annoyance, embarrassment, expense or oppression to respondent;

(*c*) Relates to matter which is privileged or would require the disclosure of any secret process, development or research;

(*d*) Would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by respondent in anticipation of litigation or in preparation for trial or would obtain any such thing from respondent or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; or

(*e*) Would require the making of an unreasonable investigation by the respondent or any party or witness.

The total record in the case prior to the filing of the interrogatories consisted of a complaint and answer. This is likely to be true in most cases of interrogatories. At such a stage in the proceedings, it is manifestly impossible for a court to determine, with any degree of mathematical certainty, what is or what is not relevant or of substantial aid in the preparation of pleadings or the preparation or trial of the case. Basically, therefore, in determining relevancy or substantial aid, we must rely upon the good faith of counsel for the interrogator. Indeed, the first limita-

tion on discovery set forth in rule 4011 is against that sought in bad faith. The discovery process, like all legal process, is to be used, not abused. It is to be expected that counsel, as officers of the court, will use the rules in good faith. Thus applied, the rules can be, as they are intended to be, largely self-operating, and thus avoid for litigants an undue burden of objection and argument. Counsel objecting on behalf of the respondent should spell out the specific objections to the interrogatory. An objection to the effect that the interrogatory is not within the scope of a rule is not specific. . . .

Interrogatory no. 5 inquires: "State the location and address of the place from which the operator of the defendant's vehicle started his trip on the day of the alleged accident."

Interrogatory no. 6 inquires: "State the location and addresses of any stops made by the operator of the defendant's vehicle within two hours prior to the alleged accident and the purposes of said stops."

In Gregg v. Fisher, 377 Pa. 445, testimony was permitted as to events and occurrences which preceded by several hours and a number of miles, the actual accident. The Supreme Court held, page 454, as follows:

"The law furnishes no test of relevancy, but tacitly refers it to logic and general experience. Evidence is admissible which tends to make the fact at issue more or less probable or intelligible or to show the origin and history of the transaction between the parties and explain its character.

"Any evidence is relevant and proper provided it fits logically into the pattern of asserted negligence leading to the culminating event which is the subject of the lawsuit . . ."

It cannot be said that counsel for interrogator is in bad faith in asserting the relevancy and substantial aid to him in preparation or ultimate trial of the facts

sought in interrogatories nos. 5 and 6. Respondent's objection to these interrogatories are, accordingly, dismissed.

Interrogatory no. 8 inquires: "With reference to the road on which the defendant's automobile was travelling at the time of the accident, please state: the width of the road, the grade of the road and the straightness or curve of the road."

It is proper in the preparation for trial of a case to determine what facts are not in dispute between the parties. Respondent is not required to give information obtained in preparation for trial. He is not required to obtain the measurements, as this would cause unreasonable expense since they are as readily obtained by the interrogator. He will be required, however, to answer from his own knowledge if he knows or to give his own estimate if he can. With these qualifications, respondent can answer. The objection is dismissed.

Interrogatory no. 15 inquires: "Please describe fully and in complete detail when, where and how the alleged accident occurred and what happened in the order in which such events took place."

We are aware that in several judicial districts of Pennsylvania similar interrogatories have been sustained: Bystrom v. Sears, Roebuck (Del. Co.) 18 D. & C. 2d 300, 301; Altschuler v. Vance (Montgomery County) 72 York 81. We are not in accord.

The purpose of an interrogatory is to inquire for information, not to impose on respondent the burden of a complete narrative of how he believes an accident occurred, together with his opinion and conclusions. The interrogator can gain the detailed information he desires by asking specific question as to the location of the vehicles immediately before and at the time of the accident, the speed of the vehicles at such specific times, etc. Interrogatory no. 15 is oppressive. The objection is sustained.

Interrogatory no. 17 inquires: "Please describe fully and in complete detail all personal injuries which you received or suffered as a result of said accident."

No claim for injuries to respondents is involved in this case. While the damages to a vehicle involved in the accident may be relevant in determining speed and control, the injuries to participants are hardly likely to shed any light thereon. There are too many variable factors involving the attention, movement, age and physical condition of those injured. The objection is sustained.

Interrogatory no. 20 inquires: "Please state and describe all photographs, exhibits, documents and records which you plan to introduce at the trial of this action."

As heretofore pointed out, rule 4011 does not permit discovery of the existence or location of such documentary material secured by a discoveror party in anticipation of litigation or in preparation for trial. Rule 4009, however, authorizes the court, on motion of a party, to direct the production and permit the inspection, including the copying and photographing of *designated* documentary material.

The two rules must be construed together. The documentary material or tangible thing available for the inspection of the adverse party would normally consist of two categories. The first is that category of things or documentary materials which are themselves at issue in the case. Examples would be examination of the vehicle involved in the accident which is the subject matter of this case, earnings records, where loss of earnings is an issue, and hospital and medical records where injuries are an issue. The second is that category of things and documentary materials made by a party in the ordinary course of business and not in anticipation of litigation or preparation for trial.

Rule 4009 prescribes the method for procuring such examination and inspection and should be the method employed: Stebelski v. Phila. Transp. Co., 6 D. & C. 2d 627. The objection to interrogatory no. 20 is sustained . . .